NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 29, 2013
Decided August 29, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-2576

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 11-CR-240-JPS |
| NIMIONWANTUE IDAHOR, *Defendant-Appellant.* | J.P. Stadtmueller, *Judge*. |

**O R D E R**

Nimionwantue Idahor, a Nigerian citizen, pleaded guilty to conspiracy to defraud the United States, *see* 18 U.S.C. § 371, by making, selling, and delivering counterfeit-U.S. currency, *see* 18 U.S.C. §§ 470, 472, 473, and was sentenced to 48-months' imprisonment. Idahor filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw under *Anders v. California,* 386 U.S. 738, 744 (1967). Idahor has declined to respond to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel has determined that Idahor does not want his guilty plea set aside, and thus counsel appropriately omits discussion about the adequacy of the plea colloquy and the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel has not identified any basis to dispute the district court's application of the sentencing guidelines, leaving only the possibility of challenging the reasonableness of the sentence, an argument that counsel correctly labels as frivolous. Idahor's 48-month sentence—within his guidelines range of 46 to 57 months—is presumed reasonable on appeal, *see United States v. Grigsby,* 692 F.3d 778, 792 (7th Cir. 2012), and counsel cannot identify any reason to disturb that presumption. The district court explicitly rejected Idahor's principal argument in mitigation—that he lacked legitimate economic opportunities in Nigeria—on grounds that his plight did not excuse his misconduct and disrespect for American law. And the court considered the appropriate sentencing factors, weighing, on the one hand, the hardships Idahor's family faced in Nigeria, *see* 18 U.S.C. § 3553(a)(1), and on the other hand, the multitude of victims, duration of the criminal activity, and serious financial implications of the offense, *see id.* § 3553(a)(2)(A); the need to protect the public, *see id.* § 3553(a)(2)(C); and the need to deter Idahor and others from committing similar crimes, *see id.* § 3553(a)(2)(B).

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.